862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Maureen HORTON, Petitioner.
 No. 88-3898.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1988.
Decided: Nov. 23, 1988.
 
 Maureen Horton, petitioner pro se.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Maureen Ellen Horton, a Dalkon Shield claimant, petitions this Court for a writ of mandamus. She asks this Court to disqualify Judge Robert R. Merhige, Jr. from presiding over the A.H. Robbins Co. bankruptcy proceedings because he has not established a fund giving all Dalkon Shield claimants the opportunity to obtain magnetic resonance imagery (MRI) testing.
 
 
 2
 "The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. A writ of mandamus will not issue when all that is shown is that the district court abused its discretion when making the challenged ruling. The party seeking mandamus relief carries the heavy burden of showing that he has 'no other adequate means to attain the relief he desires' and that his right to such relief is 'clear and indisputable.' " In re Beard, 811 F.2d 818, 826 (4th Cir.1987) (citations omitted). Horton has shown no indisputable right to relief here.
 
 
 3
 Horton also asks this Court to vacate our decision in Official Committee of Equity Security Holders v. Mabey, 832 F.2d 299 (4th Cir.1987), cert. denied, 56 U.S.L.W. 3647 (U.S. Mar. 21, 1988) (No. 87-1267), to the extent that it could be construed to prevent Judge Merhige from establishing a fund for MRI testing. We decline the invitation to reconsider Mabey at this late date.
 
 
 4
 Accordingly, while we grant leave to proceed in forma pauperis, we deny the petition.
 
 
 5
 DISMISSED.